# UNITED STATES DISTRICT COURT

for the

Central District of California

<table>
<tr><td>In the Matter of the Search of<br><br><i>(Briefly describe the property to be searched or identify the person by name and address)</i><br><br><b>(See Attachment A)</b></td><td>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. 8: 24-MJ-00459</td></tr>
</table>

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and possession with intent to distribute a controlled substance. |
| 21 U.S.C. § 846 | Conspiracy to distribute or possess with intent to distribute a controlled substance. |
| 21 U.S.C. § 843(b) | Unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance. |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of_____days (*give exact ending date if more than 30 days*:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Sumyra Duy
_____
*Applicant's signature*

Sumyra Duy, Special Agent USPIS
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: _____Santa Ana, CA_____     Douglas F. McCormick, United States Magistrate Judge
_____
*Printed name and title*

AUSA: Brian Yang 714-338-3534

## <u>AFFIDAVIT</u>

I, Sumyra Duy, being duly sworn, declare and state as follows:

## I. <u>PURPOSE OF AFFIDAVIT</u>

1.    This affidavit is made in support of an application for a warrant to search the following three United States Postal Service ("USPS") Priority Mail parcels in the custody of the United States Postal Inspection Service ("USPIS") in Santa Ana, California, within the Central District of California (collectively, the "**SUBJECT PARCELS**"), as described more fully in Attachment A:

a.    A USPS Priority Mail parcel bearing tracking number 9505 5131 8343 4262 2317 26 ("**SUBJECT PARCEL 1**");

b.    A USPS Priority Mail parcel bearing tracking number 9505 5131 8343 4262 2317 40 ("**SUBJECT PARCEL 2**");

c.    A USPS Priority Mail parcel bearing tracking number 9505 5131 8343 4262 2317 64 ("**SUBJECT PARCEL 3**");

2.    The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance); 846 (conspiracy to distribute or possess with intent to distribute a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance) (the "Subject Offenses"), as described more fully in Attachment B. Attachments A and B are incorporated by reference herein.

3.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and all dates and times are on or about those indicated.

## II. <u>TRAINING AND EXPERIENCE</u>

4.    I am a United States Postal Inspector ("USPI") with the United States Postal Inspection Service ("USPIS") and have been so employed since May 2012.  I am currently assigned to the Contraband Interdiction and Investigation - South Team of the Los Angeles Division, which is responsible for investigating drug trafficking violations involving the United States Mail to distribute controlled substances and/or controlled substances proceeds.

5.    I have completed a twelve-week basic law enforcement training course in Potomac, Maryland, which included training in the investigation of narcotics trafficking via the United States Mail.  Additionally, I have attended a 40-hour Los Angeles Police Department Peace Officer Standards and Training Certified Academy Narcotics School.  Prior to becoming a USPI, I worked as a financial investigator.  I hold a Bachelor of Arts degree from California State University, Fullerton in Sociology and a

Master's of Advanced Study from University of California, Irvine in Criminology, Law and Society. As part of my law enforcement duties, I have conducted numerous parcel investigations that have resulted in the arrest of individuals who have received and distributed controlled substances, as well as the seizure of the controlled substances and/or the proceeds of the sales of controlled substances.

### III. <u>SUMMARY OF PROBABLE CAUSE</u>

6. On or about September 18, 2024, at the Santa Ana Post Office in Orange County, California, I and other Law Enforcement Officers identified the **SUBJECT PARCELS** as meeting some of the following criteria common to packages containing contraband, including there were numerous packages packaged in a similar manner with the same return address, all the seams of the parcels were taped, and according to law enforcement and databases, contained names that did not associate to their respective addresses.

7. Additionally, on or about September 19, 2024, a trained drug detection dog alerted to each of the **SUBJECT PARCELS** for the presence of drugs or other items, such as the proceeds of drug sales that have been contaminated by drugs.

### IV. <u>STATEMENT OF PROBABLE CAUSE</u>

**A.    Background on Use of Mails for Drug Trafficking**

8. Based on my training and experience as a Postal Inspector, and the experiences related to me by other Postal Inspectors who specialize in drug investigations, I know the following:

a.   Postal Inspectors have been conducting investigations of drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s.  In the early 1990s, Postal Inspectors in Los Angeles, California, began conducting organized interdictions of Priority Mail Express and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances.  Postal Inspectors also regularly examined and investigated Priority Mail Express and Priority Mail parcels.  During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances, in the form of cash, using boxes.

b.   Although Postal Inspectors still see boxes used to send for controlled substances and cash, there has been a gradual change over the years toward the current trend of using smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders.  By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances, which lend a sense of legitimacy to the parcel's appearance.

c.   Los Angeles is a significant source area for controlled substances.  Controlled substances are frequently transported from the Los Angeles area via U.S. Mail, and the proceeds from the sale of controlled substances are frequently returned to the Los Angeles area via U.S. Mail.  These proceeds are generally in the form of money orders, bank checks, or

similar monetary instruments in an amount over $1,000. Based on my training and experience, I know that proceeds from the sale of controlled substances often contain the odor of drugs because they have been contaminated by or associated with the odor of one or more drugs.

d.  Drug distributors often use USPS Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product. Drug distributors use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the parcel's progress to delivery. Drug distributors use the Priority Mail delivery service because it provides them more time for travel between states if they decide to follow their shipments to their destination for distribution. Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track the parcel's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail 2-Day Service.

9.  Based on my training and experience, and the collective experiences shared with me by fellow Postal Inspectors who specialize in investigations involving the mailing of controlled substances and proceeds from the sale of controlled substances, I know that the following indicia suggest that a parcel may contain drugs or drug trafficking proceeds:

a.  The parcel is contained in a Large Flat Rate cardboard box;

b.    The parcel bears a handwritten or typed label, whether USPS Express Mail or Priority Mail;

c.    The handwritten or typed label on the parcel does not contain a business account number;

d.    The seams of the parcel are all taped or glued shut;

e.    The parcel emits an odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

f.    Multiple parcels are mailed by the same individual, on the same day, from different locations.

10.    Parcels exhibiting such indicia may be subject to further investigation, which may include verification of the addressee and return addresses.

11.    I know from my training and experience that drug traffickers often use fictitious or incomplete names and addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases.  To the extent that real addresses are ever used, it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

**B.    Initial Investigation of the SUBJECT PARCELS**

12.    On or about September 18, 2024, during routine parcel inspections at the Santa Ana Post Office, I determined that the **SUBJECT PARCELS** met some of the initial suspicious characteristics as described above.  Specifically, I determined the following:

      a.   **SUBJECT PARCEL 1** is a USPS Priority Mail parcel bearing tracking number 9505 5131 8343 4262 2317 26.  **SUBJECT PARCEL 1** is white colored, USPS Priority Mail large flat rate cardboard box.  **SUBJECT PARCEL 1** seams are all taped and has the addresses written directly on the box.  According to USPS and CLEAR database records, the return address listed on **SUBJECT PARCEL 1** – "117 Mongoose, Irvine, CA 92618" – appears to be a legitimate address and the listed sender, "Amy Tran" does not associate to the address.  The recipient address listed on **SUBJECT PARCEL 1** – "1640 S. Burkwood Ct. Apt C, Harrisonburg, VA 22802" – appears to be a legitimate address and the listed recipient, "Ashley Martinez" does not associate to the address.

      b.   **SUBJECT PARCEL 2** is a USPS Priority Mail parcel bearing tracking number 9505 5131 8343 4262 2317 40.  **SUBJECT PARCEL 2** is white colored, USPS Priority Mail large flat rate cardboard box.  **SUBJECT PARCEL 2** seams are all taped and has the addresses written directly on the box.  According to USPS and CLEAR database records, the return address listed on **SUBJECT PARCEL 2** – "117 Mongoose, Irvine, CA 92618" appears to be a legitimate address and the listed sender, "Amy Tran" does not associate to the address.  The recipient address listed on **SUBJECT PARCEL 2** – "6062 Copperfield Dr. Apt 824, Fort Worth, TX 76132" appears to be a legitimate address, and the listed recipient, "Emmanuel Abreu" does not associate to the address.

      c.   **SUBJECT PARCEL 3** is a USPS Priority Mail parcel bearing tracking number 9505 5131 8343 4262 2317 64.  **SUBJECT PARCEL 3** is white colored, USPS Priority Mail large flat rate

cardboard box.  **SUBJECT PARCEL 3** seams are all taped and has the addresses written directly on the box.  According to USPS and CLEAR database records, the return address listed on **SUBJECT PARCEL 3** – "117 Mongoose, Irvine, CA 92618" appears to be a legitimate address and the listed sender, "Amy Tran" does not associate to the address.  The recipient address listed on **SUBJECT PARCEL 3** – "1382 Northampton Ct., Harrisonburg, VA 22801" appears to be a legitimate address and the listed recipient, "Helen Rivera" does not associate to the address.

       **C.**    **Drug-Detection Dog Alerts to the SUBJECT PARCELS**

      13.  On or about September 19, 2024, based on the suspicious characteristics of the **SUBJECT PARCELS**, Santa Ana Police Department Detective Gabriel Gutierrez and his narcotics-detection canine, "Poppy", examined the exterior of the **SUBJECT PARCELS**.  I learned from Det. Gutierrez that Poppy gave a positive alert to **SUBJECT PARCEL 1 through SUBJECT PARCEL 3** separately, indicating the presence of controlled substances or other items, such as the proceeds of controlled substances, which have been recently contaminated with the odor of controlled substances.  Attached hereto as Exhibit 1, which I incorporate fully herein by reference, are documents setting forth information provided by Detective Gutierrez regarding Poppy's training and history in detecting controlled substances, and the examination of **SUBJECT PARCELS 1 through 3**.

                    **V.**  <u>**CONCLUSION**</u>

      14.  For the reasons above, there is probable cause to believe that the **SUBJECT PARCELS**, as described in Attachment A,

contain evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance); 846 (conspiracy to distribute or possess with intent to distribute a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance), as described in Attachment B.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 23th day of September 2024.

_____
HONORABLE DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

PARCELS TO BE SEARCHED

The following United States Postal Service ("USPS") parcels seized from the mail stream on September 18, 2024, are currently in the custody of the United States Postal Inspection Service in Santa Ana, California:

a.    **SUBJECT PARCEL 1** is a USPS Priority Mail parcel bearing tracking number 9505 5131 8343 4262 2317 26. **SUBJECT PARCEL 1** is white colored, USPS Priority Mail large flat rate cardboard box. **SUBJECT PARCEL 1** is addressed to "Ashley Martinez, 1640 S. Burkwood Ct. Apt C, Harrisonburg, VA 22802." The return address listed on **SUBJECT PARCEL 1** is "Amy Tran, 117 Mongoose, Irvine, CA 92618." **SUBJECT PARCEL 1** was postmarked September 18, 2024, in the 92702 zip code.

b.    **SUBJECT PARCEL 2** is a USPS Priority Mail parcel bearing tracking number 9505 5131 8343 4262 2317 40. **SUBJECT PARCEL 2** is white colored, USPS Priority Mail large flat rate cardboard box. **SUBJECT PARCEL 2** is addressed to "Emmanuel Abreu, 6062 Copperfield Dr. Apt 824, Fort Worth, TX 76132." The return address listed on **SUBJECT PARCEL 2** is "Amy Tran, 117 Mongoose, Irvine, CA 92618." **SUBJECT PARCEL 2** was postmarked September 18, 2024, in the 92702 zip code.

c.    **SUBJECT PARCEL 3** is a USPS Priority Mail parcel bearing tracking number 9505 5131 8343 4262 2317 64. **SUBJECT PARCEL 3** is white colored, USPS Priority Mail large flat rate cardboard box. **SUBJECT PARCEL 3** is addressed to "Helen Rivera, 1382 Northampton Ct., Harrisonburg, VA 22801." The return

address listed on **SUBJECT PARCEL 3** is "Amy Tran, 117 Mongoose, Irvine, CA 92618." **SUBJECT PARCEL 3** was postmarked September 18, 2024, in the 92702 zip code.

## **ATTACHMENT B**

ITEMS TO BE SEIZED

The items to be seized are evidence, contraband, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance); 846 (conspiracy to distribute or possess with intent to distribute a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance) (the **"Subject Offenses"**), namely:

      a.    Any controlled substances, including marijuana;

      b.    Currency, money orders, bank checks, or similar monetary instruments in aggregate quantities over $1,000; and

      c.    Parcel wrappings, and any associated packaging material.

# EXHIBIT 1

**AFFIDAVIT**

**HANDLER GABRIEL GUTIERREZ**
**AND K9 "POPPY"**

I am currently employed by the Santa Ana Police Department, and assigned as a Detective to the Vice/Narcotics Unit. As of April 7th, 2021, I was assigned as a Narcotic Detection Canine Handler. "Poppy" who is a 5 year old female Black Labrador Retriever, was acquired by the Santa Ana Police Department   on April 7th, 2021. Subsequently, I was assigned as POPPY'S full-time canine handler on this day.

POPPY and I have received training as a Narcotic Detection Canine Team by "Scenturion Canine Consulting LLC," which is located in Fontana, California. Poppy and I completed 4 weeks of formal Narcotic Detection Training taught by "Scenturion Canine Consulting LLC" from April 12, 2021 through May 6th, 2021. During that time, POPPY has been trained to detect and alert to the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. POPPY has been trained to show a "passive alert" in response  to detecting any of these narcotic odors.  Prior to her final alert POPPY will often make sudden change of direction towards the source of the odor, her breathing pattern will change and she may take several deep inhalations through his nose, and then appear to stop taking  breaths. Also, without direction, POPPY may also jump up into and/or crawl under obstacles  to  get closer to the source of the odor(s). This passive alert may also indicate item(s) that may have recently been contaminated with the odor of one or more of the aforementioned narcotics for which POPPY has been trained to detect.

Also, while training at "Scenturion Canine Consulting LLC," POPPY and I completed over 400 narcotic related and "blank" sniffs. These sniffs consisted of commercial buildings, residential homes, vehicles, transport trucks, packages/parcels, luggage, and many other different types of structures and objects. During these training sessions, the "training aids" were concealed in various locations, inside and/or outside, and POPPY was used to detect and locate them. POPPY and I, have also conducted sniffs where there were no narcotics present (blanks), and POPPY did not adversely alert to these locations that were deemed blank.

On May 6th, 2021, POPPY and I passed the initial California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. It was on this day, POPPY and I became a CA POST Certified Narcotics Detection Team. On January 14, 2022, December 22, 2022 and November 7, 2023, POPPY and I re-certified as a CA POST Certified Narcotics Detection Team through "CNCA". I am also a current member of the California Narcotics Officers Association (CNOA).

During the week of June 6, 2023, Poppy was trained to detect and alert to the odor of Fentanyl and its derivatives. On June 9, 2023, Poppy and I passed the California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odor of Fentanyl and its derivatives.

On September 19, 2024,   my police canine   and I assisted   with a   narcotic parcel investigation. Canine Poppy alerted to the presence of the odor of illegal narcotics emitting  from the following parcel.

USPS Parcel: _9505 5131 8343 4262 2317 26_____

Addressed To: _ashley martinez_____

1640 S Burkwood ct  Apt C
Harrisonburg, VA 22802

_____
Detective Corporal G. Gutierrez #3252
Santa Ana PD

**AFFIDAVIT**

**HANDLER GABRIEL GUTIERREZ
AND K9 "POPPY"**

I am currently employed by the Santa Ana Police Department, and assigned as a Detective to the Vice/Narcotics Unit. As of April 7th, 2021, I was assigned as a Narcotic Detection Canine Handler. "Poppy" who is a 5 year old female Black Labrador Retriever, was acquired by the Santa Ana Police Department   on April 7th, 2021. Subsequently, I was assigned as POPPY'S full-time canine handler on this day.

POPPY and I have received training as a Narcotic Detection Canine Team by "Scenturion Canine Consulting LLC," which is located in Fontana, California. Poppy and I completed 4 weeks of formal Narcotic Detection Training taught by "Scenturion Canine Consulting LLC" from April 12, 2021 through May 6th, 2021. During that time, POPPY has been trained to detect and alert to the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. POPPY has been trained to show a "passive alert" in response to detecting any of these narcotic odors.  Prior to her final alert POPPY will often make sudden change of direction towards the source of the odor, her breathing pattern will change and she may take several deep inhalations through his nose, and then appear to stop taking  breaths. Also, without direction, POPPY may also jump up into and/or crawl under obstacles to get closer to the source of the odor(s). This passive alert may also indicate item(s) that may have recently been contaminated with the odor of one or more of the aforementioned narcotics for which POPPY has been trained to detect.

Also, while training at "Scenturion Canine Consulting LLC," POPPY and I completed over 400 narcotic related and "blank" sniffs. These sniffs consisted of commercial buildings, residential homes, vehicles, transport trucks, packages/parcels, luggage, and many other different types of structures and objects. During these training sessions, the "training aids" were concealed in various locations, inside and/or outside, and POPPY was used to detect and locate them. POPPY and I, have also conducted sniffs where there were no narcotics present (blanks), and POPPY did not adversely alert to these locations that were deemed blank.

On May 6th, 2021, POPPY and I passed the initial California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. It was on this day, POPPY and I became a CA POST Certified Narcotics Detection Team. On January 14, 2022, December 22, 2022 and November 7, 2023, POPPY and I re-certified as a CA POST Certified Narcotics Detection Team through "CNCA". I am also a current member of the California Narcotics Officers Association (CNOA).

During the week of June 6, 2023, Poppy was trained to detect and alert to the odor of Fentanyl and its derivatives. On June 9, 2023, Poppy and I passed the California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odor of Fentanyl and its derivatives.

On September 19, 2024, my police canine and I assisted with a narcotic parcel investigation. Canine Poppy alerted to the presence of the odor of illegal narcotics emitting  from the following parcel.

USPS Parcel: 9505 5131 8343 4262 2317 40

Addressed To: Emmanuel Abreu

6062 Copperfield DR
Fort Worth TX, 76132

Detective Corporal G. Gutierrez #3252
Santa Ana PD

**AFFIDAVIT**

**HANDLER GABRIEL GUTIERREZ
AND K9 "POPPY"**

I am currently employed by the Santa Ana Police Department, and assigned as a Detective to the Vice/Narcotics Unit. As of April 7th, 2021, I was assigned as a Narcotic Detection Canine Handler. "Poppy" who is a 5 year old female Black Labrador Retriever, was acquired by the Santa Ana Police Department   on April 7th, 2021. Subsequently, I was assigned as POPPY'S full-time canine handler on this day.

POPPY and I have received training as a Narcotic Detection Canine Team by "Scenturion Canine Consulting LLC," which is located in Fontana, California. Poppy and I completed 4 weeks of formal Narcotic Detection Training taught by "Scenturion Canine Consulting LLC" from April 12, 2021 through May 6th, 2021. During that time, POPPY has been trained to detect and alert to the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. POPPY has been trained to show a "passive alert" in response  to detecting any of these narcotic odors.  Prior to her final alert POPPY will often make sudden change of direction towards the source of the odor, her breathing pattern will change and she may take several deep inhalations through his nose, and then appear to stop taking  breaths. Also, without direction, POPPY may also jump up into and/or crawl under obstacles to  get closer to the source of the odor(s). This passive alert may also indicate item(s) that may have recently been contaminated with the odor of one or more of the aforementioned narcotics for which POPPY has been trained to detect.

Also, while training at "Scenturion Canine Consulting LLC," POPPY and I completed over 400 narcotic related and "blank" sniffs. These sniffs consisted of commercial buildings, residential homes, vehicles, transport trucks, packages/parcels, luggage, and many other different types of structures and objects. During these training sessions, the "training aids" were concealed in various locations, inside and/or outside, and POPPY was used to detect and locate them. POPPY and I, have also conducted sniffs where there were no narcotics present (blanks), and POPPY did not adversely alert to these locations that were deemed blank.

On May 6th, 2021, POPPY and I passed the initial California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odors of Marijuana, Methamphetamine, Cocaine, Heroin, MDMA (Ecstasy) and their derivative. It was on this day, POPPY and I became a CA POST Certified Narcotics Detection Team. On January 14, 2022, December 22, 2022 and November 7, 2023, POPPY and I re-certified as a CA POST Certified Narcotics Detection Team through "CNCA". I am also a current member of the California Narcotics Officers Association (CNOA).

During the week of June 6, 2023, Poppy was trained to detect and alert to the odor of Fentanyl and its derivatives. On June 9, 2023, Poppy and I passed the California POST certification process through "CNCA," which was conducted by a recognized CNCA Certified K9 trainer/instructor, to detect the odor of Fentanyl and its derivatives.

On September 19, 2024, my police canine and I assisted with a narcotic parcel investigation. Canine Poppy alerted to the presence of the odor of illegal narcotics emitting  from the following parcel.

USPS Parcel: _9505 5131 8343 4262 2317 64_____

Addressed To: _Helen Rivera_____

1382 Northampton Ct
Harrisonburg VA 22801

_____
Detective Corporal G. Gutierrez #3252
Santa Ana PD